JOHN C. KIRKE, #175055
jkirke@donahue.com
CHANCELLOR W. TSENG, #322236
CTseng@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for Plaintiff,
BYTE BRIDGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BYTE BRIDGE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS H. BREVILLE, an individual; C.H. BREVILLE ENTERPRISES LLC, a Colorado limited liability company, dba IPE SOLUTIONS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF BYTE BRIDGE, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND EVIDENCE PRESERVATION ORDER**<br><br>[Filed concurrently with Declarations of Marvin Cunanan and Chancellor W. Tseng, Esq.; Memorandum of Points and Authorities; Request for Judicial Notice; and [Proposed] Order]<br><br>Complaint Filed: |

Pursuant to Federal Rule of Civil Procedure 65 and Civil Local Rules 7–10 and 65–1, Plaintiff Byte Bridge, Inc. ("Byte Bridge" or "Plaintiff") hereby moves this Court for an ex parte Temporary Restraining Order, an Order to Show Cause and an Evidence Preservation Order ("Motion") against Defendant Curtis H. Breville ("Defendant" or "Mr. Breville") and his agents, representatives, employees, partners, and any entity in his control, including but not limited to Defendant C.H. Breville Enterprises LLC dba IPE Solutions ("IPE") (collectively, "Defendants").

Plaintiff makes this Motion pursuant to the Defend Trade Secrets Act of 2016 ("DTSA"); the California Uniform Trade Secrets Act ("CUTSA"); the Lanham Act; the Employment and Confidentiality Agreement ("ECA"); and the Severance Agreement and General Release ("SAGR") (collectively, "Agreements"). Defendant entered into the Agreements at the beginning and end of his previous employment with Plaintiff.

This case is about misappropriation and retention of trade secrets and other proprietary information by a former Byte Bridge employee. Mr. Breville was Byte Bridge's Vice President in 2025. Within a year of leaving Byte Bridge, Mr. Breville founded IPE Solutions, a direct competitor to Plaintiff. By and through IPE Solutions, Mr. Breville is now offering an identical training program he helped create and assigned to Byte Bridge during his 2025 employment. In early 2026, Mr. Breville also filed three conflicting trademark applications with the United States Patent and Trademark Office ("USPTO") seeking to own the tradenames for Plaintiff's training program. Ever since Plaintiff's 2025 launch of its program, Plaintiff has always designated and treated the training program as a trade secrets in the global IT solutions industry.

Byte Bridge has sent Mr. Breville multiple cease and desist demands. These demands reminded Mr. Breville of his ECA, wherein he assigned all intellectual property rights to Byte Bridge. In response to Byte Bridge's cease and desist demands, Mr. Breville claimed these inventions predated his employment with Plaintiff. However, Mr. Breville also did not disclose the training program as a prior invention in his ECA. Moreover, two of Mr. Breville's trademark applications list a first-in-use-in-commerce date during his Byte Bridge employment.

Byte Bridge respectfully requests urgent, tailored relief from this Court enjoining Defendants from using or disclosing any Byte Bridge trade secrets that remain in Defendants'

possession. The requested relief is necessary to protect Byte Bridge's rights and trade secrets. Mr. Breville continues to deny his confidentiality obligations in the Agreements. Mr. Breville also denies assigning the training program and all related intellectual property rights to Byte Bridge.

As explained in greater detail in the accompanying memorandum of points and authorities: (1) there is a substantial likelihood that Byte Bridge will succeed on the merits of its claims against Defendants for trade secret misappropriation and related claims; (2) absent the issuance of preliminary injunctive relief, Byte Bridge has and will continue to suffer immediate and irreparable injury due to Defendants' use or disclosure of Byte Bridge's trade secrets; (3) such injuries substantially outweigh any costs to Defendants that may result from granting this Motion, which is intended to preserve the status quo; and (4) the requested relief supports the strong public interest in favor of protecting trade secrets.

For these reasons, Byte Bridge respectfully requests the Court grant the following relief as set forth in the accompanying Proposed Order:

**I. <u>Temporary Restraining Order ("TRO")</u>**

Byte Bridge requests the Court issue a TRO, pending a hearing on the requested Order to Show Cause, that Defendants and any person in active concert or participation with them be:

1. ENJOINED AND RESTRAINED from obtaining, retaining, using, transmitting, disseminating, or disclosing any information, data, files, simulations, or documents related to confidential aspects of files that Defendant Breville downloaded, transferred, or otherwise obtained from Plaintiff's systems and/or devices Defendant Breville used during his employment with Plaintiff, prior to his resignation on December 17, 2025, including any information contained within or deriving from those files, and the Foundational Liquid Cooling Certification training program and its related materials and files (collectively, the "Misappropriated Proprietary Information");

2. ENJOINED AND RESTRAINED from directly or indirectly contacting or communicating with any and all clients and prospective clients whose identities are contained in the Misappropriated Proprietary Information;

3. ENJOINED AND RESTRAINED from destroying prior to an adjudication or other resolution of this action, and REQUIRED to retain and preserve all emails, files, records, or other

documents relating to this action and the Misappropriated Proprietary Information (including, but not limited to, all electronic communications and all Plaintiff trade secrets and confidential and proprietary information), and shall be prohibited from destroying or modifying any such evidence;

4. REQUIRED to return to Plaintiff, within three (3) days of the Order, any and all Misappropriated Proprietary Information that remains in Defendants' possession, custody, or control,

downloaded, removed, or otherwise obtained from Plaintiff, whether original or duplicate;

5. REQUIRED to identify for Plaintiff, by hand delivery or electronically within three (3) days of the Order, all other desktop and laptop computers, internal and external hard drives, USB storage devices, flash drives, thumb drives, memory cards, read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage accounts (including but not limited to Google Drive), email accounts, tablet devices (including iPads), smartphones, other storage devices or accounts, or hard copy documents (collectively, "Media"), belonging to or in Defendants' possession, custody, or control, that contain any Misappropriated Proprietary Information; Plaintiff's trade secrets; or confidential and proprietary Plaintiff information (the "Identified Media");

6. REQUIRED to produce to Plaintiff, by hand delivery or electronically within three (3) days of the Order, the Identified Media, or allow Plaintiff's agents, including any computer forensic experts, to forensically preserve and mirror/image said Identified Media (which mirrored data shall be kept confidential by Plaintiff until such time as the Court re-designates any portion thereof under a protective order);

7. REQUIRED to provide to Plaintiff, by hand delivery or electronically within three (3) days of the Order, all logins, user IDs, passwords, and any other processes necessary to obtain access to Defendant Breville's Curtis@ipe-solutions.com email account and ipe-solutions.com domain, as well as any operating system, database, server, software, file, or other storage location for the Identified Media within Defendants' possession, custody, or control; and

8. REQUIRED to identify for Plaintiff, by hand delivery or electronically within three (3) days of the Order, any other persons, entities, or locations (including any Media) not within Defendants' possession, custody, or control, to which Defendants have transmitted, disseminated,

disclosed, or stored any Plaintiff's trade secrets or confidential and proprietary Plaintiff information.

**II. Order to Show Cause Re: Preliminary Injunction**

Byte Bridge further requests Defendants be ordered to appear before this Court, at a date, time, and place to be set, to show cause why the Court should not issue a Preliminary Injunction ordering the same relief requested above in the TRO, to the extent not already completed prior to issuance of the Preliminary Injunction.

**III. Evidence Preservation Order**

Finally, to ensure that key evidence is not destroyed prior to an adjudication or other resolution of this action, Plaintiff requests that the Court issue an Order that Defendants shall retain and preserve all documents relating to this action (including, but not limited to, all electronic communications and all Plaintiff's trade secrets and confidential and proprietary information), and shall be prohibited from destroying or modifying any such evidence.

This Motion is based on the accompanying Memorandum of Points and Authorities, the Declarations of Chancellor W. Tseng and Marvin Cunanan, and attached Exhibits, the Request for Judicial Notice and attached Exhibits, the pleadings and records on file, and any oral argument or additional evidence the Court permits.

Pursuant to Civil Local Rule 65–1, Plaintiff's counsel certifies a process server will personally serve Defendants. Tseng Decl., ¶ 4. Plaintiff's counsel also provided notice of this Motion via email to Defendant Breville on the date of this filing. Plaintiff's counsel will also serve Defendant Breville via email with courtesy copies of the Complaint and this Motion together with all supporting papers. *Id.* Plaintiff's counsel agrees to notify Defendant Breville or his counsel via email when the Court sets a hearing date and time on this Motion. *Id.*

Dated: August 19, 2026

DONAHUE FITZGERALD LLP
Attorneys at Law

By: /s/ Chancellor W. Tseng
John C. Kirke
Chancellor W. Tseng
Attorneys for Plaintiff,
BYTE BRIDGE, INC.