JOHN C. KIRKE, #175055
jkirke@donahue.com
CHANCELLOR W. TSENG, #322236
CTseng@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for Plaintiff,
BYTE BRIDGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BYTE BRIDGE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS H. BREVILLE, an individual; C.H. BREVILLE ENTERPRISES LLC, a Colorado limited liability company, dba IPE SOLUTIONS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF BYTE BRIDGE, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

# TEMPORARY RESTRAINING ORDER

The Court has considered Plaintiff Byte Bridge, Inc.'s ("Plaintiff" or "Byte Bridge") Ex Parte Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, including an Evidence Preservation Order ("Motion"), together with the supporting declarations, exhibits, and all papers and arguments submitted in support thereof. For good cause shown, the Court HEREBY ORDERS that the Motion is GRANTED, as more fully set forth herein.

The Court has found that good cause exists for issuance of a Temporary Restraining Order, as Byte Bridge has shown: (1) there is a substantial likelihood that Byte Bridge will succeed on the merits of its claims against Defendants Curtis H. Breville ("Mr. Breville") and C.H. Breville Enterprises LLC dba IPE Solutions ("IPE") (collectively, "Defendants") for misappropriation of trade secrets, violation of the Lanham Act, breach of contract, and the other related claims; (2) absent the issuance of temporary restraining order and preliminary injunctive relief, Byte Bridge will suffer immediate and irreparable injury due to Defendants' use or disclosure of Byte Bridge's trade secrets; (3) such injuries substantially outweigh any costs to Defendants that may result from granting this Motion, which is intended to preserve the status quo; and (4) the requested relief supports the strong public interest in favor of protecting trade secrets.

Pending hearing on the Order to Show Cause, Defendants, as well as any persons or entities in active concert or participation with them, are hereby RESTRAINED, ENJOINED AND ORDERED as follows:

1. ENJOINED AND RESTRAINED from obtaining, retaining, using, transmitting, disseminating, or disclosing any information, data, files, simulations, or documents related to confidential aspects of files that Defendant Breville downloaded, transferred, or otherwise obtained from Plaintiff's systems and/or devices Defendant Breville used during his employment with Plaintiff, prior to his resignation on December 17, 2025, including any information contained within or deriving from those files, and the Foundational Liquid Cooling Certification ("FLCC") training program and its related materials and files (collectively, the "Misappropriated Proprietary Information");

/ / /

2. ENJOINED AND RESTRAINED from directly or indirectly contacting or communicating with any and all clients and prospective clients whose identities are contained in the Misappropriated Proprietary Information;

3. ENJOINED AND RESTRAINED from destroying prior to an adjudication or other resolution of this action, and REQUIRED to retain and preserve all emails, files, records, or other documents relating to this action and the Misappropriated Proprietary Information (including, but not limited to, all electronic communications and all Plaintiff's trade secrets and confidential and proprietary information), and shall be prohibited from destroying or modifying any such evidence;

4. REQUIRED to return to Plaintiff, within three (3) days of the Order, any and all Misappropriated Proprietary Information that remains in Defendants' possession, custody, or control, including but not limited to any emails, files, records, or other documents that Defendants downloaded, removed, or otherwise obtained from Plaintiff, whether original or duplicate;

5. REQUIRED to identify for Plaintiff, by hand delivery or electronically within three (3) days of the Order, all other desktop and laptop computers, internal and external hard drives, USB storage devices, flash drives, thumb drives, memory cards, read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage accounts (including but not limited to Google Drive), email accounts, tablet devices (including iPads), smartphones, other storage devices or accounts, or hard copy documents (collectively, "Media"), belonging to or in Defendants' possession, custody, or control, that contain any Misappropriated Proprietary Information; Plaintiff trade secrets; or confidential and proprietary Plaintiff information (the "Identified Media");

6. REQUIRED to produce to Plaintiff, by hand delivery or electronically within three (3) days of the Order, the Identified Media, or allow Plaintiff's agents, including any computer forensic experts, to forensically preserve and mirror/image said Identified Media (which mirrored data shall be kept confidential by Plaintiff until such time as the Court re-designates any portion thereof under a protective order);

7. REQUIRED to provide to Plaintiff, by hand delivery or electronically within three (3) days of the Order, all logins, user IDs, passwords, and any other processes necessary to obtain access to Defendant Breville's Curtis@ipe-solutions.com email account and ipe-solutions.com

domain, as well as any operating system, database, server, software, file, or other storage location for the Identified Media within Defendants' possession, custody, or control; and

8. REQUIRED to identify for Plaintiff, by hand delivery or electronically within three (3) days of the Order, any other persons, entities, or locations (including any Media) not within Defendants' possession, custody, or control, to which Defendants have transmitted, disseminated, disclosed, or stored any Plaintiff's trade secrets or confidential and proprietary Plaintiff information.

This Temporary Restraining Order shall remain in effect until: ______________________, or until further Order from the Court.

**ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

IT IS FURTHER ORDERED that the Order to Show Cause re Plaintiff's request for a Preliminary Injunction shall take place on: _______________, 2026 at __________ a.m./p.m. in Courtroom __________ of the United States District Court for the Northern District of California. The Court sets the Preliminary Injunction briefing schedule as follows:

Motion due: __________________

Opposition due: __________________

Reply due: __________________

IT IS FURTHER ORDERED that Plaintiff's counsel shall serve this Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, and all supporting pleadings and papers on Defendants by ___________________________.

IT IS SO ORDERED.

DATED: August ___, 2026

_____________________________________________
HONORABLE JUDGE
NORTHERN DISTRICT OF CALIFORNIA