C. Griffith Towle (CA SBN 146401)
gtowle@bartkopavia.com
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, CA 94111
Tel.: (415) 956-1900

Thomas G. Pasternak (*pro hac vice pending*)
tpasternak@taftlaw.com
Benjamin S. Morrell (*pro hac vice pending*)
bmorrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Ste. 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011

*Attorneys for Defendants Curtis H. Breville and Breville Enterprises LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BYTE BRIDGE, INC.,

Plaintiff,

v.

CURTIS H. BREVILLE, et. al.,

Defendants.

Case No. 3:26-cv-08627-WHO

**DEFENDANTS CURTIS H. BREVILLE AND C.H. BREVILLE ENTERPRISES LLC'S NOTICE OF MOTION, MOTION TO STAY PENDING ARBITRATION, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Date: October 28, 2026
Time: 2:00 p.m.
Courtroom: 2, 17th Floor
Judge: Hon. William H. Orrick

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 28, 2026 at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2 on the 17th floor of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable William H. Orrick presiding, Defendants Dr. Curtis H. Breville and C.H. Breville Enterprises LLC d/b/a IPE Solutions (collectively, "Defendants"), will and hereby do move the Court, pursuant to 9 U.S.C. § 3, for an order staying this action and pending deadlines relating to Plaintiff Byte Bridge, Inc.'s claims subject to Defendants' petition to compel arbitration, which was concurrently filed in the United States District Court for the District Court for Colorado.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and the exhibits thereto, the pleadings, records, and files in this action, such further oral or documentary evidence and argument as may be presented at or before the hearing on the Motion, and any other matter the Court deems appropriate.

**STATEMENT OF RELIEF SOUGHT**

Defendants seek an order staying litigation of all of Plaintiff's claims, with the exception of Plaintiff's claim for injunctive relief asserted in its Sixth Cause of Action (Breach of Contract), (hereinafter, the "Arbitrable Claims") pending completion of arbitration of those claims.

**STATEMENT OF ISSUE TO BE DECIDED**

Should the Court stay the proceedings of the Arbitrable Claims pending completion of the arbitration of those claims pursuant to the terms of the Employment and Confidentiality Agreement and 9 U.S.C. § 3?

**INTRODUCTION**

Plaintiff Byte Bridge, a technology company, brought this lawsuit against its former employee, Dr. Breville, and his new company, IPE Solutions, based on allegations that Defendants misappropriated Byte Bridge's trade secrets and other proprietary information and infringed upon its intellectual property. Each of the eight causes of action asserted in the

Complaint relates to Dr. Breville's employment with Byte Bridge, which was governed by an Employment and Confidentiality Agreement (the "Employment Agreement"). As a condition of Dr. Breville's employment, Dr. Breville and Byte Bridge agreed that any dispute or controversy that arises out of relates to the Employment Agreement shall be settled by arbitration, to be held where Dr. Breville is domiciled and/or provided services for Byte Bridge, in accordance with the employment dispute resolution rules of the American Arbitration Association. To enforce this valid and binding arbitration agreement, Defendants filed a petition to compel arbitration of the Arbitrable Claims in the United States District Court of Colorado, Case No. 1:26-cv-04497. A copy of the petition is attached hereto as **Exhibit A**.[1]

This Court should therefore stay all proceedings of the Arbitrable Claims pending completion of the arbitration of such claims pursuant to 9 U.S.C. § 3.

## STATEMENT OF RELEVANT FACTS

Plaintiff Byte Bridge is an IT solutions provider. (Compl., ECF No. 1, ¶ 13.) Dr. Breville was employed by Byte Bridge from February 2025 through December 17, 2025, first as the Global Pre-Sales Engineering Manager – Systems and Cooling and later as the Vice President of Data Center Cooling Programs and GTM. (*Id.* ¶ 14.) At the start of Dr. Breville's employment, both he and Byte Bridge reviewed and signed the Employment Agreement. (*See id.* ¶ 15; Compl. Ex. A, Emp't Agreement, ECF No. 1 at 19–34.) The Complaint asserts that the terms of the Employment Agreement are "binding, valid, and enforceable." (Compl. ¶ 62.)

In addition to outlining the various obligations and duties of Byte Bridge and Dr. Breville's employment relationship, the Employment Agreement contains an arbitration clause that states:

> In the event that any dispute or controversy arises out of, or relates to [the Employment] Agreement, the dispute or controversy shall be settled by arbitration, to be held where the Employee is domiciled and/or is providing services for Byte Bridge in accordance with the

[1] The exhibits to the Petition are not included in Exhibit A because they are already on the docket in this case at ECF No. 1 (the Complaint, the Employment Agreement, and the Severance Agreement). And because Byte Bridge filed the Complaint and its exhibits under a single ECF number, Defendants cite specific exhibits here using the ECF pagination to identify all pages on which they appear.

> employment dispute resolution rules then in effect of the American Arbitration Association by a single arbitrator.

(Emp't Agreement § 12.1.) This provision was a crucial term of the employment relationship, and the Employment Agreement explicitly provides that Dr. Breville understood he was "offered employment [by] Byte Bridge in consideration of [his] promises to arbitrate disputes." (*Id.*) The Employment Agreement goes on to reiterate that its "arbitration clause constitutes a waiver of [Dr. Breville's] right to a jury trial and relates to the resolution of *all disputes relating to all aspects of the employer/employee relationship* (except as provided in Section 10 hereof), including without limitation" claims for breach of contract, interference with contract or prospective economic advantage, and "all claims arising out of any other laws and regulations relating to employment." (*Id.* § 12.2 (emphasis added).)

The Employment Agreement's mandatory arbitration clause has only one narrowly defined exception for equitable remedies sought to prevent further violations of specific provisions in the Employment Agreement:

> [I]n the event of [Dr. Breville's] breach of any of the terms and conditions of Section 2 [Proprietary Information and Inventions], 3 [Client Defined], 4 [Prior Inventions], 5 [Conflicting Obligations], and statements 6 [Covenant Not to Compete and Not to Interfere], 7 [Covenant Not to Solicit], or 8 [Covenant of Confidentiality] of this Agreement, Byte Bridge shall be entitled, if it so elects, to institute and prosecute proceedings in any court of competent jurisdiction in equity to enjoin [Dr. Breville] from further violation of such provisions.

(*Id.* § 10). But Section 10 also makes clear that "[r]emedies at law [are] to be sought in accordance with" the Employment Agreement's arbitration clause in Section 12. (*Id.*)

Byte Bridge terminated Dr. Breville's employment effective December 17, 2025, and the termination was governed by the terms of a Severance Agreement and General Release ("Severance Agreement") signed by both Dr. Breville and Byte Bridge. (Compl. Ex. B, Severance Agreement, ECF No. 1 at 35–39; *see* Compl. ¶ 18.)

Byte Bridge filed the Complaint on August 19, 2026, asserting eight causes of action, all of which arise out of and relate to Dr. Breville's employment with Byte Bridge. Specifically Byte

Bridge asserts claims for trade secret misappropriation against all Defendants under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.* (Counts I and II, respectively), false designation of origin under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, against all Defendants (Count III), breach of fiduciary duty and the duty of loyalty against Dr. Breville (Count IV), unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*, against all Defendants (Count V), breach of contract against Dr. Breville (Count VI), intentional interference with contract and prospective economic relations against all Defendants (Count VII), and negligent interference with contract and prospective economic relations against all Defendants (Count VIII). (Compl. ¶¶ 28–76.)

Only the claim for injunctive relief under Count VI (for breach of contract) falls within the narrow scope of Section 10's exception to the arbitration clause. The remaining claims, including Byte Bridge's claims for legal remedies under Count VI, fall within the scope of the Employment Agreement's arbitration clause and constitute the "Arbitrable Claims."

On September 15, 2026, Defendants filed a Petition to Compel Arbitration of the Arbitrable Claims in the United States District Court for the District of Colorado, which is attached hereto as Exhibit A.

## LEGAL STANDARD

Section 3 of the Federal Arbitration Act ("FAA") provides that if a court is "satisfied" that the issues involved in a suit brought before it are "referable to arbitration" under a written arbitration agreement, then the court must grant a party's request to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3. However, when the parties delegate the question of arbitrability itself to an arbitrator, a court may not override that contractual agreement. In such circumstances, "a court possesses no power to decide the arbitrability issue . . . even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019).

## ARGUMENT

The Court must stay all proceedings relating to the Arbitrable Claims because (1) the arbitration clause in Section 12 of the Employment Agreement is a valid agreement to arbitrate between the parties, and (2) the determination of the arbitrability of the Arbitral Claims has itself been delegated to the arbitrator. Defendants incorporate by reference the arguments contained in Exhibit A, its Petition to Compel Arbitration currently pending in the District of Colorado. Defendants summarize those arguments here for the Court's convenience.

First, the arbitration clause in Section 12 of the Employment Agreement is a valid agreement to arbitrate between the parties. Both Byte Bridge and Dr. Breville executed the Employment Agreement, which contains the arbitration clause at Section 12. (*See* Emp't Agreement.) Byte Bridge concedes that the Employment Agreement executed by Dr. Breville is a "binding, valid, and enforceable" contract. (Compl. ¶ 62.) The arbitration clause also applies to the claims asserted against IPE Solutions because Byte Bridge alleges that IPE Solutions "is an alter-ego of Defendant Breville, who owns and controls IPE." (*Id.* ¶ 5); *see CMB Infrastructure Inv. Grp. IX, LP v. Cobra Energy Inv. Fin., LLC*, No. 25-4430, 2026 WL 2568270, at *2 (9th Cir. Aug. 31, 2026) (mem. op.) ("[A] plaintiff that sues on an alter-ego theory is estopped from arguing that signatory and nonsignatory defendants are distinct for the purpose of avoiding arbitration." (citing *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97-98 (2d Cir. 1999), *abrogated on other grounds by Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287 (2010))); *see also GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 437 (2020) (recognizing that arbitration agreements may be enforced by nonsignatories through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel).

Second, the Court must find that the Arbitrable Claims are referable to arbitration because all threshold questions of arbitrability have been delegated to the arbitrator. The Employment Agreement's arbitration clause provides that any arbitration must be held "in accordance with the employment dispute resolution rules then in effect of the American Arbitration Association" ("AAA"). (Emp't Agreement § 12.1.) The Ninth Circuit has interpreted the incorporation of the AAA rules to constitute "clear and unmistakable evidence" that contracting parties agreed to

arbitrate arbitrability. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). This Court has followed that approach. *See, e.g.*, *Crook v. Wyndham Vacation Ownership, Inc.*, Case No. 13-cv-03669-WHO, 2015 WL 445211, at *2 (N.D. Cal. July 20, 2015) (following other courts' holdings that where the parties incorporate the AAA rules into their arbitration agreement, they clearly and unmistakably agree to submit threshold questions of arbitrability to the arbitrator); *see also* AAA Emp't/Workplace Arb. R. & Mediation Proc.,[2] R-7(b) ("The arbitrator shall have the power to rule on their own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim.").

**CONCLUSION**

Because the arbitration clause is a valid agreement to arbitrate and the Parties have delegated threshold questions of arbitrability to the arbitrator under the AAA Rules, the Court must stay the proceedings of the Arbitrable Claims until such arbitration is completed in accordance with the terms of the Employment Agreement, pursuant to 9 U.S.C. § 3.

Dated: September 16, 2026

By: */s/ C. Griffith Towle*

C. Griffith Towle (CA SBN 146401)
gtowle@bartkopavia.com
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, CA 94111
Tel.: (415) 956-1900

Thomas G. Pasternak (*pro hac vice*)
tpasternak@taftlaw.com
Benjamin S. Morrell (*pro hac vice*)
bmorrell@taftlaw.com
111 E. Wacker Dr., Ste. 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011

*Attorneys for Defendants Curtis H. Breville and Breville Enterprises LLC*

[2] *Available at* https://www.adr.org/media/aktbpg2y/2026_employment-arbitration-rules-and-mediation-procedures.pdf.

**CERTIFICATE OF SERVICE**

I, C. Griffith Towle, pursuant to 28 U.S.C. § 1746, declare as follows:

On the date listed below, Defendants served filed ECF-stamped copies of the foregoing document on the following counsel of record via email:

JOHN C. KIRKE, #175055
jkirke@donahue.com
CHANCELLOR W. TSENG, #322236
CTseng@donahue.com
DONAHUE FITZGERALD LLP
1999 Harrison Street, 26th Floor
Oakland, CA 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Date: September 16, 2026

*/s/ C. Griffith Towle*