JOHN C. KIRKE, #175055
jkirke@donahue.com
CHANCELLOR W. TSENG, #322236
ctseng@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for Plaintiff,
BYTE BRIDGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BYTE BRIDGE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS H. BREVILLE, an individual; C.H. BREVILLE ENTERPRISES LLC, a Colorado limited liability company, dba IPE SOLUTIONS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:26-cv-08627-WHO<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Byte Bridge, Inc. ("Byte Bridge") respectfully requests the Court grant this Administration Motion to Seal ("Motion") in support of its Reply Memorandum of Points and Authorities filed today regarding its pending Motion for Preliminary Injunction against Defendants Curtis H. Breville and C.H. Breville Enterprises LLC dba IPE Solutions.

1. The filing party has reviewed and complied with Judge Orrick's September 2, 2022 Standing Order on Administrative Motions to File Under Seal.

2. The filing party has reviewed and complied with Civil Local Rules 7–11 and 79–5.

3. The filing party identifies the following portions of documents proposed to be sealed or redacted.

| **Documents to Be Sealed** | **Portions to Seal** | **Reason(s) for Sealing** |
|---|---|---|
| Cunanan Reply Declaration | Redacted portion (3:16) (client identities) | Byte Bridge designates the identity of its clients as confidential. The document portion sought to be sealed reveals the identity of one of Byte Bridge's clients. "The Ninth Circuit has held that client information may qualify as a trade secret." *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 76 (citing *Gallagher Benefit Services, Inc. v. De La Torre*, 283 Fed. Appx. 543, 545–46 (9th Cir. 2008). While the preliminary injunction motion "is more than tangentially related to the merits" of this case, the specific identity of this Byte Bridge client, as used here, is not dispositive on its pending motion for preliminary injunction. Therefore, the correct standard of review is the "good cause" exception. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling reasons" standard is also satisfied here because compelling reasons include preventing the "release [of] trade secrets." *A.B. v. Pacific Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (citing *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Case law recognizes trade secret protections for Byte Bridge's client identities, and therefore good cause and compelling reasons exist to grant Byte Bridge's limited request to seal only the identity of its client. This request is "narrowly tailored to seek sealing only of sealable material" and does not indiscriminately seek to seal documents or portions of documents which do not contain sealable material. Byte Bridge's competitive advantage in the industry will be irreparably |

| | | |
|---|---|---|
| | | harmed if its client identities are revealed, thus requiring sealing. Sensitive banking information is also redacted. |
| **Exhibit F** to the Cunanan Reply Declaration | Voluminous redacted portions (client identities, confidential business arrangements) | Byte Bridge designates all of these commercial contracts and confidentiality agreements as confidential business records describing confidential business arrangements. These commercial contracts also contain identities of Byte Bridge's clients, which are protected trade secrets. *Navigation Holdings*, 445 F. Supp. 3d at 76 (citation omitted). Commercial contracts like Management Services Agreements "which describe[] confidential business arrangement[s]" are "properly sealable." *A.B.*, 441 F. Supp. 3d at 909. Case law recognizes trade secret protections for Byte Bridge's client identities and confidential business arrangements, and therefore good cause and compelling reasons exist to grant Byte Bridge's limited request to seal its client identities and confidential business arrangements.<br>Because all of these documents contain client identities and/or describe confidential business arrangements, it is appropriate to seal the majority of these documents.<br>With respect to client identities, Byte Bridge's competitive advantage in the industry will be harmed if its client identities are revealed. With respect to the commercial contracts, those contracts are confidential and describe confidential business arrangements. Byte Bridge could face civil liability if it does not maintain the confidentiality of the business terms contained within these commercial contracts, which is irreparable harm thus requiring sealing. |
| Raina Reply Declaration | Redacted portion (3:7) (client identity) | Byte Bridge designates the identity of its clients as confidential. The document portion sought to be sealed reveals the identity of one of Byte Bridge's clients. "The Ninth Circuit has held that client information may qualify as a trade secret." *Navigation Holdings*, 445 F. Supp. 3d at 76 (citation omitted). Case law recognizes trade secret protections for Byte Bridge's client identities, and therefore good cause and compelling reasons exist to grant Byte Bridge's limited request to seal only the identity of its client. This request is "narrowly tailored to seek sealing only of sealable material" and does not indiscriminately seek to seal documents or portions of documents which do not contain sealable material. Byte Bridge's competitive advantage in the industry will be irreparably harmed if its client identities are revealed, thus requiring sealing. |

| | | |
|---|---|---|
| **Exhibit A** to the Raina Reply Declaration | Voluminous redacted portions (client identities, trade secrets, business arrangements, ideas, and strategies) | Byte Bridge designates all of these communications as confidential business records describing Byte Bridge's confidential clients, business arrangements, ideas, and strategies. Mr. Raina's email to Mr. Breville on February 13, 2025 contains the trade secrets that are central to this dispute. Therefore, good cause and compelling reasons exist to grant Byte Bridge's limited request to seal these documents containing its clients, trade secrets, and business arrangements, ideas, and strategies. *A.B.*, 441 F. Supp. 3d at 909; *Navigation Holdings*, 445 F. Supp. 3d at 76 (citation omitted); *see also Albert's Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463, 471–72 (N.D. Cal. 2020) (defining trade secrets under federal and state law). This request is "narrowly tailored to seek sealing only of sealable material" and does not indiscriminately seek to seal documents or portions of documents which do not contain sealable material. Because all of these documents describe confidential business arrangements, ideas, and strategies, it is appropriate to seal the majority of these documents. Byte Bridge's competitive advantage in the industry will be irreparably harmed if its client identities, trade secrets, business arrangements, ideas, and strategies are revealed, thus requiring sealing. Personal contact information is also redacted for privacy reasons. |
| **Exhibit B** to the Raina Reply Declaration | Voluminous redacted portions (client identities, business arrangements, ideas, and strategies) | Byte Bridge designates all of these communications as confidential business records describing Byte Bridge's confidential clients, business arrangements, ideas, and strategies. Therefore, good cause and compelling reasons exist to grant Byte Bridge's limited request to seal these documents containing its clients and business arrangements, ideas, and strategies. *A.B.*, 441 F. Supp. 3d at 909; *Navigation Holdings*, 445 F. Supp. 3d at 76 (citation omitted).<br>This request is "narrowly tailored to seek sealing only of sealable material" and does not indiscriminately seek to seal documents or portions of documents which do not contain sealable material. Because these documents describe confidential business arrangements, ideas, and strategies, it is appropriate to seal the redacted portions of these documents. Byte Bridge's competitive advantage in the industry will be irreparably harmed if its client identities, business arrangements, ideas, and strategies are revealed, thus requiring sealing. Personal contact information is also redacted for privacy reasons. |
| **Exhibit C** to the Raina | Voluminous redacted | Byte Bridge designates this internal performance review as a confidential business record describing Byte Bridge's confidential clients, business arrangements, |

| | | |
|---|---|---|
| Reply Declaration | portions (client identities, business arrangements, ideas, and strategies) | ideas, and strategies. Therefore, good cause and compelling reasons exist to grant Byte Bridge's limited request to seal this document containing its clients and business arrangements, ideas, and strategies. *A.B.*, 441 F. Supp. 3d at 909; *Navigation Holdings*, 445 F. Supp. 3d at 76 (citation omitted).<br>This request is "narrowly tailored to seek sealing only of sealable material" and does not indiscriminately seek to seal documents or portions of documents which do not contain sealable material. Because this document describes clients, confidential business arrangements, ideas, and strategies, it is appropriate to seal a majority of this document. Byte Bridge's competitive advantage in the industry will be irreparably harmed if its client identities, business arrangements, ideas, and strategies are revealed, thus requiring sealing. |

For the foregoing reasons, Plaintiff Byte Bridge respectfully requests the Court grant this Administrative Motion to Seal.

Dated: September 30, 2026

Respectfully submitted,

DONAHUE FITZGERALD LLP
Attorneys at Law

By: /s/ Chancellor W. Tseng
John C. Kirke
Chancellor W. Tseng
Attorneys for Plaintiff,
BYTE BRIDGE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2026, I electronically filed the foregoing **PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Griffith Towle
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, CA 94111
Email: gtowle@bartkopavia.com

*Attorneys for Defendants Curtis H. Breville and Breville Enterprises LLC*

Thomas G. Pasternak (*pro hac vice*)
Benjamin S. Morrell (*pro hac vice*)
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
Email: tpasternak@taflaw.com
bmorrell@taftlaw.com

/s/ Chancellor W. Tseng
Chancellor W. Tseng
Attorneys for Plaintiff,
BYTE BRIDGE, INC.