JOHN C. KIRKE, #175055
jkirke@donahue.com
CHANCELLOR W. TSENG, #322236
ctseng@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for Plaintiff,
BYTE BRIDGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BYTE BRIDGE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS H. BREVILLE, an individual; C.H. BREVILLE ENTERPRISES LLC, a Colorado limited liability company, dba IPE SOLUTIONS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:26-cv-08627-WHO<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**<br><br>Date: October 28, 2026<br>Time: 2:00 P.M.<br>Dept.: Courtroom 2 – 17th Floor |

## I. INTRODUCTION

It is undisputed the Parties entered into a valid, written Employment and Confidentiality Agreement. It is also undisputed the Parties entered into a valid, written Severance Agreement and Release. It is further undisputed that under these written contracts, Byte Bridge's claims for injunctive relief are expressly excluded from arbitration. The scope of this Motion is to clarify what equitable relief claims can proceed against Defendants, and what non-equitable relief claims are stayed pending Defendants' Petition to Compel Arbitration in the District Court of Colorado.

The entire Section 10 "Equitable Remedies" of the Employment and Confidentiality Agreement at issue as shown in Exhibit A to the Complaint is pasted below for ease of reference.

> **10. Equitable Remedies:** Employee specifically acknowledges that a violation of Section 2, 3, 4, 5, and statements 6, 7, or 8 of this Agreement could cause irreparable injury to Byte Bridge and its business or property. Employee, therefore, agrees that in the event of his or her breach of any of the terms and conditions of Section 2, 3, 4, 5, and statements 6, 7, or 8 of this Agreement, Byte Bridge shall be entitled, if it so elects, to institute and prosecute proceedings in any court of competent jurisdiction in equity to enjoin him or her from further violation of such provisions. The remedies provided herein shall be cumulative and in addition to any and all other remedies which either party may have at law or in equity. Remedies at law to be sought in accordance with Section 11 and 12 below.

## II. ARGUMENT

### A. Defendants Agree Injunctive Relief is Not Subject to Arbitration. Any Stay Order Should Explicitly Allow Injunctive Relief to Proceed Against Defendants.

Defendants agree that Section 10 of the Employment Agreement at issue contains an explicit carveout for injunctive relief, which "Byte Bridge shall be entitled, if it so elects, to institute and prosecute proceedings in any court of competition jurisdiction in equity to enjoin 'Dr. Breville' from further violation of such provisions." (Compl., **Exh. A "Emp. Agt."**; Motion, 4:12–21.) Therefore, for purposes of this Motion, it is undisputed that Plaintiff's injunctive relief claims can proceed.

### B. Injunctive and Equitable Relief is Not Limited to the Sixth Cause of Action.

Defendants' Motion to Stay defines the Arbitrable Claims as "all of Plaintiff's claims, with the exception of Plaintiff's claim for injunctive relief asserted in its Sixth Cause of Action (Breach of Contract), (hereinafter, the "Arbitrable Claims")." (Notice of Motion, Statement of Relief Sought.) Effectively, Defendants suggest the Court only recognize Plaintiff's Sixth Cause of Action

as providing injunctive relief.

However, as discussed below, Plaintiff's injunctive relief claims also arise from the First, Second, Third, Fourth, and Fifth Causes of Action in addition to the Sixth. Defendants' Motion provides no authority that these other causes of action, which independently authorize injunctive relief by statute and equitable relief by case law, should not be included in Plaintiff's right to injunctive relief.

Moreover, the Employment Agreement explicitly allows Byte Bridge to sue for equitable relief, which is not limited to injunctive relief. The Section 10 of the Employment Agreement explicitly states: "The remedies provided herein shall be cumulative and in addition to any and all other remedies which either party may have law or in equity. Remedies at law to be sought in accordance with Section 11 and 12 below." Therefore, from the text of the Employment Agreement which Defendants are seeking to enforce, all of Plaintiff's claims for equitable relief can proceed outside arbitration. The Court should not treat Plaintiff's contractual equitable relief claims differently from its statutory equitable relief claims which "shall be cumulative and in addition to[.]"

Plaintiff's Complaint includes the following causes of action where equitable and injunctive relief is authorized and requested:

| Cause of Action | Authority |
|---|---|
| **All Causes of Action** | Any and all equitable relief claims allowed to proceed under these claims should not be stayed, including but not limited to injunction, declaratory relief, corrective measures, rescission, disgorgement of profits, attorneys' fees and costs, and punitive damages. |
| **First Cause of Action**: Defend Trade Secrets Act – 18 U.S.C. § 1836 ("DTSA") (against all Defendants) | 1. The DTSA independently authorizes injunctive relief. 18 U.S.C. § 1836(b)(3)(A).<br>2. The DTSA expressly provides that it does not preempt or displace other remedies |

| | |
|---|---|
| | provided by state law, meaning DTSA injunctive relief operates independently alongside state claims. 18 U.S.C. § 1838. |
| **Second Cause of Action**: California Uniform Trade Secrets Act – Civil Code §§ 3426, *et seq.* ("CUTSA") (against all Defendants) | 1. The CUTSA independently authorizes injunctive relief. Civil Code § 3426.2.<br>2. This District consistently recognizes the DTSA and CUTSA independently support injunctive relief claims. *See generally*, *Albert's Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463 (N.D. Cal. 2020) (analyzing trade secret misappropriation claims together under both the DTSA and CUTSA); *Bambu Franchising, LLC v. Nguyen*, 537 F. Supp. 3d 1066 (N.D. Cal. 2021) (same). |
| **Third Cause of Action**: Lanham Act – 15 U.S.C. § 1125(a)(1) (against all Defendants) | 1. The Lanham Act independently authorizes injunctive relief. 15 U.S.C. §§ 1116; 1125(c).<br>2. This District consistently recognizes the Lanham Act independently supports injunctive relief claims. *See generally*, *7EDU Impact Academy Inc. v. You*, 760 F. Supp. 3d 981 (N.D. Cal. 2024) (analyzing trade secret misappropriation claims under the DTSA and the CUTSA alongside Lanham Act claims). |
| **Fourth Cause of Action**: Breach of Fiduciary Duty and Duty of Loyalty – Labor Code § 2863 (against Defendant Breville) | 1. "Where a breach of fiduciary duty occurs, a variety of equitable remedies are available, including imposition of a constructive trust, rescission, and restitution, as well as incidental |

| | |
|---|---|
| | damages." *Hicks v. Clayton*, 67 Cal.App.3d 251, 264 (1977).<br>2. Violations of Labor Code provisions can form the basis for unfair competition claims under Business and Professions Code section 17200, which expressly authorizes injunctive relief. *See People v. Los Angeles Palm, Inc.*, 121 Cal.App.3d 25, 33 ("The clear language of the Business and Professions Code prohibiting unfair competition authorizes filing of a complaint for unfair competition supplementary to any other provision of the law. That the Labor Code provides similar relief against unlawful labor practices cannot foreclose cumulative remedies under the Business and Professions Code if the alleged misconduct does indeed constitute an unfair business practice.") |
| **Fifth Cause of Action**: Unfair Competition Law – Business & Professions Code § 17200, *et seq*. ("UCL") (against all Defendants) | 1. The UCL independently authorizes injunctive relief. Bus. & Prof. Code § 17203.<br>2. "[T]he right to seek injunctive relief under section 17203 is not dependent on the right to seek restitution; the two are wholly independent remedies." *Clayworth v. Pfizer, Inc.*,49 Cal.4th 758, 790 (2010). |
| **Sixth Cause of Action**: Breach of Contract (against Defendant Breville) | 1. It is undisputed that the Employment and Confidentiality Agreement at issue explicitly |

| | |
|---|---|
| | provides for injunctive relief that is not subject to arbitration. § 10, Emp. Agt. |
| **Seventh Cause of Action**: Intentional Interference with Contract and Prospective Economic Relations (against all Defendants) | Any and all equitable relief claims allowed to proceed under this cause of action should not be stayed, including but not limited to injunction, declaratory relief, corrective measures, rescission, disgorgement of profits, attorneys' fees and costs, and punitive damages. |
| **Eighth Cause of Action**: Negligent Interference with Contract and Prospective Economic Relations (against all defendants) | Any and all equitable relief claims allowed to proceed under this cause of action should not be stayed, including but not limited to injunction, declaratory relief, corrective measures, rescission, disgorgement of profits, attorneys' fees and costs, and punitive damages. |

## III. CONCLUSION

Plaintiff Byte Bridge respectfully requests the Court explicitly hold that:

1. Byte Bridge's injunctive relief claims under the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action can proceed outside of arbitration and are not subject to any stay against Defendant Curtis H. Breville and Defendant C.H. Breville Enterprises LLC dba IPE Solutions.

2. Byte Bridge's equitable claims under all Eight Causes of Action can proceed outside of arbitration and are not subject to any stay against Defendant Curtis H. Breville and Defendant C.H. Breville Enterprises LLC dba IPE Solutions.

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: September 30, 2026

Respectfully submitted,

DONAHUE FITZGERALD LLP
Attorneys at Law

By: /s/ Chancellor W. Tseng
John C. Kirke
Chancellor W. Tseng
Attorneys for Plaintiff,
BYTE BRIDGE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2026, I electronically filed the foregoing **PLAINTIFF'S OPPOSITION TO MOTION TO STAY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Griffith Towle
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, CA 94111
Email: gtowle@bartkopavia.com

Thomas G. Pasternak (*pro hac vice*)
Benjamin S. Morrell (*pro hac vice*)
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
Email: tpasternak@taflaw.com
bmorrell@taftlaw.com

*Attorneys for Defendants Curtis H. Breville and Breville Enterprises LLC*

/s/ Chancellor W. Tseng
Chancellor W. Tseng
Attorneys for Plaintiff,
BYTE BRIDGE, INC.