C. Griffith Towle (CA SBN 146401)
gtowle@bartkopavia.com
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, CA 94111
Tel.: (415) 956-1900

Thomas G. Pasternak (*pro hac vice*)
tpasternak@taftlaw.com
Benjamin S. Morrell (*pro hac vice*)
bmorrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Ste. 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011

*Attorneys for Defendants Curtis H. Breville and Breville Enterprises LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BYTE BRIDGE, INC.,

Plaintiff,

v.

CURTIS H. BREVILLE, et. al.,

Defendants.

Case No. 3:26-cv-08627-WHO

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY**

Date: October 28, 2026
Time: 2:00 p.m.
Courtroom: 2, 17th Floor
Judge: Hon. William H. Orrick

## INTRODUCTION

The Court should enter an order staying litigation of all of the Arbitrable Claims asserted in the Complaint pending completion of arbitration of such claims, as required by the terms of the Employment Agreement. Byte Bridge's Opposition disputes that the Employment Agreement's arbitration requirements apply to its claims for injunctive and equitable relief under all causes of action. However, Byte Bridge does not dispute—and ignores completely—that such threshold questions of arbitrability themselves have been delegated to arbitration and therefore cannot be resolved by this Court. Litigation of the Arbitrable Claims should therefore be stayed pending arbitration.

## ARGUMENT

Defendants' Motion explains that the Court has no power to resolve the Parties' disagreement regarding the arbitrability of Byte Bridge's claims for injunctive and equitable relief because the Employment Agreement—by incorporating the AAA Rules— delegates all threshold questions of arbitrability to the arbitrator. (Mot. to Stay, ECF No. 21, at 6:23–7:08.) Byte Bridge's Opposition does not dispute that the Employment Agreement incorporates "the employment dispute resolution rules" of the AAA. (*See id.* at 6:24–27 (quoting Emp't. Agreement § 12.1).) Nor does Byte Bridge cite any authority disputing that this incorporation of the AAA Rules constitutes "clear and unmistakable evidence" that the contracting parties agreed to arbitrate arbitrability. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) ("[W]e hold that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability."); *Crook v. Wyndham Vacation Ownership, Inc.*, Case No. 13-cv-03669-WHO, 2015 WL 445211, at *2 (N.D. Cal. July 20, 2015) (following other courts' holdings that where the parties incorporate the AAA rules into their arbitration agreement, they clearly and unmistakably agree to submit threshold questions of arbitrability to the arbitrator); *see also* AAA Emp't/Workplace Arb. R. & Mediation Proc., R-7(a) ("The arbitrator shall have the power to rule on their own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim.").

Because the Employment Agreement, through incorporation of the AAA Rules, delegates to the arbitrator disputes regarding the scope of the arbitration requirement itself, the Court may not override this contractual agreement. In such circumstances, the Supreme Court has made clear that "a court possesses no power to decide the arbitrability issue . . . even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019). Byte Bridge's Opposition ignores this fundamental legal principle and instead argues that the Employment Agreement's arbitration requirement does not apply to particular claims for relief. But Byte Bridge cites no authority suggesting, let alone holding, that this Court may properly decide these threshold issues that themselves have been delegated to arbitration.

Therefore, the Court should grant Defendants' Motion and stay litigation of all of the Arbitrable Claims pending arbitration, including any disputes regarding the arbitrability of the Arbitrable Claims themselves.

**CONCLUSION**

For the reasons discussed above and in Defendants' Motion, the Court should stay the proceedings of the Arbitrable Claims until such arbitration is completed in accordance with the terms of the Employment Agreement, pursuant to 9 U.S.C. § 3.

Dated: October 7, 2026

By: */ s/ C. Griffith Towle*

C. Griffith Towle (CA SBN 146401)
gtowle@bartkopavia.com
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, CA 94111
Tel.: (415) 956-1900

Thomas G. Pasternak (*pro hac vice*)
tpasternak@taftlaw.com
Benjamin S. Morrell (*pro hac vice*)
bmorrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Ste. 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011

*Attorneys for Defendants Curtis H. Breville and Breville Enterprises LLC*

**CERTIFICATE OF SERVICE**

I, Charles Griffith Towle, pursuant to 28 U.S.C. § 1746, declare as follows:

On the date listed below, Defendants served filed ECF-stamped copies of the foregoing document on the following counsel of record via email:

JOHN C. KIRKE, #175055
jkirke@donahue.com
CHANCELLOR W. TSENG, #322236
CTseng@donahue.com
DONAHUE FITZGERALD LLP
1999 Harrison Street, 26th Floor
Oakland, CA 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Date: October 7, 2026

*<u>/s/ Charles Griffith Towle</u>*